# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>   vs.<br><br>VICTOR HUGO AVALOS,<br><br>        Defendant. | CASE NO. 14CR0560-LAB<br><br>**ORDER DENYING JOINT MOTION FOR SENTENCE REDUCTION (18 U.S.C. § 3582(c))** |

    Victor Hugo Avalos has filed a motion to reduce his 60-month sentence for importing methamphetamine into the United States, and government prosecutors support the motion. Although a federal sentence ordinarily can't be changed after a judge imposes it, there is an exception. With the acquiescence of Congress, the United States Sentencing Commission is empowered to lower the sentencing ranges for offenses and apply the changes retroactively. *See* 18 U.S.C. § 3582(c). That's what happened here. In November 2014, the Sentencing Commission adopted Amendment 782, which lowered the sentencing ranges under the United States Sentencing Guidelines ("Guidelines" or "USSG") by 2 levels for most drug offenses. In a companion amendment – Amendment 782 – the Commission declared that the lowered ranges would be applied retroactively. Avalos was sentenced on October 6, 2014, before the changes went into effect, so he can potentially benefit from them.

/ / /

When the Sentencing Commission chooses to retroactively reduce the applicable range for a sentence, Congress has directed that "it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). The Commission is required to make the rules clear via binding policy statements. 28 U.S.C. § 994(a)(2). The relevant policy statement for this change is found in § 1B1.10 of the Guidelines. That section explains who is eligible for a sentence reduction, and how the reduction must be calculated. District courts must follow applicable policy statements, *Dillon v. United States*, 560 U.S. 817, 821 (2010), and the instructions are central to the issue here – whether Avalos is eligible for a sentence reduction.

Under § 1B1.10(b)(1), the court must first determine the "amended Guidelines range" that would have applied to the defendant if the retroactive changes were in effect at the time he was initially sentenced. At first blush, this seems like a simple task that can be accomplished by simply lowering the original Guidelines calculations by 2 levels to reflect the retroactive change. But it's not so simple. The Commission has provided detailed policy guidance on how courts are to calculate the retroactively-amended sentencing range. To begin with, the Commission has directed that only the amended Guideline range – *i.e.*, the reduced starting Base Offense Level – may be substituted in place of the original higher level, while "all other Guideline application decisions" must be left unaffected. § 1B1.10(b)(1). What is meant by "all other Guidelines application decisions" are to be left unaffected? Should the court, for example, include departures and variances that were granted originally when determining a defendant's amended Guidelines range? Or should the court calculate the amended Guideline range in the same manner as it did the original Guideline range, leaving discretionary decisions to depart or vary out of the equation? The answer is critical here because when this court originally sentenced Avalos, it granted two departures that substantially decreased his sentence from the Guidelines range – one for Substantial Assistance under § 5K1.1 and one for Fast Track under § 5K3.1, plus a 3-month variance.

The Commentary to § 1B1.10 seemingly supplies the answer. It says that the Commission has determined that the amended Guideline range is to be determined *before consideration* of any departure provision in the Guidelines Manual or any variance." *See* USSG § 1B1.10, cmt. n.1(A) (2011) (italics supplied); *United States v. Pleasant*, 704 F.3d 808, 812 (9th Cir. 2013) (adjusted Guideline range is derived "pre-departure and pre-variance."). While the Commentary admits of no exceptions to this prohibition, the text of § 1B1.10 nonetheless contains one. Under the heading "Limitation and Prohibition on Extent of Reduction" in § 1B1.10(b)(2)(A), which specifies that no changes should be made to the original Guidelines range except for the retroactive reduction to the base offense level, the very next subsection – § 1B1.10(b)(2)(B) – declares "Exception for Substantial Assistance." As advertised, subsection (b)(2)(B) creates an exception to the general prohibition on including departures in the amended Guidelines calculation. It provides that if the court originally departed below the Guidelines sentencing range for *substantial assistance*, then a comparable adjustment to the amended Guideline range "may be appropriate." *Id*. The Ninth Circuit has held that this provision authorizes a single exception for including and counting departures when determining the amended Guidelines range – for substantial assistance departures. *See United States v. Davis*, 739 F.3d 1222, 1225 (9th Cir. 2014) (Sentencing Commission sought to avoid complexity and litigation, promote uniformity in sentencing, and avoid possibility of a windfall by restricting consideration of departures or variances except for Substantial Assistance); *United States v. Tercero*, 734 F.3d 979, 981-82 and n.1 (9th Cir. 2013) (noting that while former version of § 1B1.10 permitted reduction below amended Guidelines range in proportion to departures imposed originally, current version "carves out" a single exception for Substantial Assistance departures). Other circuits agree. *See United States v. Hogan*, 722 F.3d 55, 61 (1st Cir. 2013); *United States v. Erskine*, 717 F.3d 131, 137 n.6 (2d Cir. 2013); *United States v. Colon*, 707 F.3d 1255, 1259 (11th Cir. 2013); *United States v. Berberena*, 694 F.3d 514, 518-19 (3d Cir. 2012); *United States v. Anderson*, 686 F.3d 585, 589 (8th Cir. 2012).

/ / /

Avalos argues that these cases misconstrue § 1B1.10 by mixing up "eligibility" for a sentence reduction with "authority" to grant one. The gist of his argument is that a defendant is eligible for a reduction under § 3582(c) if an amendment to the Guidelines has the effect of lowering his "applicable Guidelines range," which Avalos maintains is the original Guidelines sentencing range, sans any departure or variance. He maintains that a court is prohibited from counting departures and variances only in deciding whether a defendant is "eligible" for a reduction, but eligibility is essentially automatic if an amendment to the Guidelines has the effect of lowering the defendant's "applicable Guidelines range," by which he presumably means the original sentencing range.

That's wrong, though. Avalos's argument depends on morphing the terms "applicable Guidelines range" and "amended Guidelines range." The limitation on counting departures and variances applies to calculating the amended Guidelines range and is integral to whether a court has discretion to reduce a sentence. This explains why § 1B1.10(b)(2)(B) carves out Substantial Assistance departures, and makes clear that other departures and variances don't count in determining the amended Guideline range. If, as Avalos argues, "amended Guidelines range" refers to the Guidelines range reduced by amendment plus departures and variances, then subsection (b)(2)(B)'s exception for substantial assistance departures would be superfluous. Under his construction of section (b)(2)(B), all departures – not just those for substantial assistance – would be included. That's contrary to what the subsection says.

Avalos's argument is further undermined by the Ninth Circuit's recent decision in *United States v. Aragon-Rodriguez*, No. 15-50287, 2015 U.S. App. LEXIS 21377 (9th Cir. Dec. 10, 2015). In *Aragon-Rodriguez*, the court held that "[t]he text, structure, and commentary of the Guidelines as well as supporting case law support the conclusion that the "amended guideline range" does not include departures from the sentencing guidelines, except a departure for substantial assistance to government authorities." *Id.* at *2-3 (citations omitted). The court ruled that the district court properly excluded a 4-level fast-track downward departure that was originally granted when it calculated the defendant's amended

Guidelines. *Id.* at *3.

The court originally calculated Avalos's Guidelines as follows:

| | |
|---|---|
| Base Offense Level: | 36 |
| Specific Offense Characteristic (§ 2D1.1(b)(5)) | +2 |
| Safety Valve (§ 2D1.1(b)(17)) | -2 |
| Acceptance of Responsibility (§ 3E1.1) | -3 |
| Fast Track (§ 5K3.1) | -4 |
| Substantial Assistance (§ 5K1.1) | -3 |

His Adjusted Offense Level was 26, and with a Criminal History Category of I, his advisory Guidelines range was 63–78 months. The court varied downward 3 months from the low end of the Guideline range, imposing a total sentence of 60 months.

Properly calculating Avalos's amended Guidelines, his Base Offense Level is reduced to 34, while all other Guideline application decisions remain the same. However, neither the 4-level Fast Track departure nor the 3-month variance that the court originally granted count:

| | |
|---|---|
| Base Offense Level: | 34 |
| Specific Offense Characteristic (§ 2D1.1(b)(5)) | +2 |
| Safety Valve (§ 2D1.1(b)(17)) | -2 |
| Acceptance of Responsibility (§ 3E1.1) | -3 |
| ~~Fast Track (§ 5K3.1)~~ | ~~-4~~ |
| Substantial Assistance (§ 5K1.1) | -3 |
| ~~Variance~~ | ~~-3 months~~ |

Avalos's adjusted Offense Level is 28, his Criminal History Category remains at I, and his sentencing range *increases* to 78–97 months from the original sentencing range of 63–78 months. A court may not reduce a defendant's sentence under § 1B1.10 to a term less than the low end of the amended Guideline range. USSG § 1B 1.10(b)(2)(A) ("Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 1B 1.10 and this policy statement to a term that is less than the minimum of the

amended guideline range . . ."). Not counting the 3-month downward variance, the low end of Avalos's amended Guidelines range is higher than his original sentence of 60 months, so he's not eligible for a sentence reduction under Amendment 782.[1]

The Joint Motion to Reduce Sentence is **DENIED**.

**IT IS SO ORDERED**.

DATED: December 15, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] A lab report was prepared by a Drug Enforcement Administration chemist before Avalos was sentenced, but only presented to the court after sentencing. According to the report, the amount of actual methamphetamine that Avalos imported into the United States exceeded 7 kilograms. As an alternative ground for denying the Joint Motion, the court finds that Avalos is ineligible for relief under § 3552(c) because his offense involved more than 4.5 kilograms of actual methamphetamine. *See* USSG § 2D1.1(c)(1)(2014). Even were Avalos eligible, the court would exercise its discretion under 18 U.S.C. § 3553 to deny a sentence reduction because of the gigantic quantity of pure methamphetamine that was involved in this offense. *See United States v. Tadio*, 663 F.3d 1042, 1053 (9th Cir. 2011) (district court may consider information "that sheds new light on the nature of the offense" in exercising its § 3553 discretion to grant or deny Rule 35 motion).